IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

CIVIL ACTION

TORY CARNEGIE ) Case No. 2:25-CV-12-SPC-KCD
)
      Plaintiff, )
)
v. )
CAPITAL ONE, N.A., )
EQUIFAX INFORMATION SERVICES, LLC.,
TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.

      Defendants,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff TORY CARNEGIE as and for his Complaint respectfully alleges as follows:

**INTRODUCTION**

1. Plaintiff TORY CARNEGIE ("Plaintiff") brings this action against CAPITAL

    ONE, N.A. ("Capital One"), EQUIFAX INFORMATION SERVICES, LLC.

1

("Equifax"), TRANS UNION LLC ("Trans Union"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants") for willful and negligent violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., resulting from Defendants' failure to conduct reasonable investigations, failure to report accurate information, and failure to comply with their statutory obligations, thereby causing harm to Plaintiff's creditworthiness.

2. Plaintiff seeks injunctive relief, actual damages, statutory damages, punitive damages, and attorney's fees for Defendants' violations, which have caused significant harm to Plaintiff's creditworthiness, financial reputation, and emotional well-being.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), as Defendants conduct business in this District, and the events giving rise to this claim occurred within this District.

## **PARTIES**

5. Plaintiff TORY CARNEGIE is a natural person residing in Tampa, Florida, where Plaintiff works and conducts daily life. Plaintiff also maintains a permanent address in Fort Myers, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and has been directly affected by the actions of the Defendants in this case.

6. Defendant CAPITAL ONE, N.A. is a national banking association with its principal place of business at 1680 Capital One Drive, McLean, VA 22102. CAPITAL ONE, N.A. is subject to the FCRA as a furnisher of credit information and is responsible for ensuring the accuracy and integrity of the information it furnishes to consumer reporting agencies. Its designated registered agent for service of process in Florida is Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301-2525.

7. Defendant EQUIFAX INFORMATION SERVICES LLC is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NE, Atlanta, GA 30309. EQUIFAX INFORMATION SERVICES LLC is duly authorized and qualified to do business in the State of Florida and is subject to the FCRA as a consumer

reporting agency. EQUIFAX's designated registered agent for service of process in Florida is Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301-2525.

8. Defendant TRANS UNION LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 555 West Adams Street, Chicago, IL 60661. TRANS UNION LLC is duly authorized and qualified to do business in the State of Florida and is subject to the FCRA as a consumer reporting agency. TRANS UNION's designated registered agent for service of process in Florida is Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

9. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626. EXPERIAN INFORMATION SOLUTIONS, INC. is duly authorized and qualified to do business in the State of Florida and is subject to the FCRA as a consumer reporting agency. EXPERIAN's designated registered agent for service of process in Florida is CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

10. On or about September 23, 2024, Plaintiff discovered a fraudulent Capital One credit card account with a $500 limit and an approximate balance of $254.00 opened on or about August 01, 2024. Plaintiff immediately reported the account to Capital One. A Capital One representative assured Plaintiff that the account would be closed, and Plaintiff would not be responsible for any charges. Defendant failed to adequately investigate and address Plaintiff's dispute.

11. On October 24, 2024, Capital One emailed Plaintiff (Reference: Re: 240923224974590) requesting supporting documentation to process the dispute (Exhibit A). Plaintiff promptly submitted an FTC Identity Theft Report through Capital One's secure portal (Exhibit B).

12. On October 29, 2024, Plaintiff filed a formal Consumer Financial Protection Bureau (CFPB) complaint against Capital One for failing to resolve the fraudulent account (Exhibit E). Despite this complaint and the documentation provided, Capital One failed to respond substantively or cease verifying the fraudulent account.

13. November 2024: 13. In November 2024, Plaintiff received dispute results from Trans Union and Equifax:

    a) Trans Union Dispute Results: Verified the account as accurate despite Plaintiff's evidence (Exhibit C).

    b) Equifax Dispute Results: Confirmed the account based solely on Capital One's improper verification (Exhibit D).

14. December 2024: Defendant Capital One delayed marking the account as "disputed by consumer" until December 18, 2024, despite being notified of the fraud months earlier. During this time, Defendant continued to report inaccurate information to credit reporting agencies, causing ongoing harm to Plaintiff's credit score and reputation. (Exhibit G)

15. Defendant Capital One failed to provide any meaningful documentation to validate the disputed account. Specifically, Defendant did not produce:

    a) The original account application, including IP logs, geolocation data, and device information.

    b) Payment source records for transactions on the account.

    c) Internal investigation notes or evidence reviewed.

    d) Recordings or transcripts of any calls where Plaintiff allegedly confirmed the account.

16. Despite Plaintiff's repeated disputes, including the FTC Identity Theft Report and CFPB complaint, Capital One and the CRAs have failed to correct or delete the fraudulent tradeline, causing harm to Plaintiff's credit score, financial standing, and emotional well-being.

17. Defendant's reliance on public records to verify the account without providing substantive evidence linking the account to Plaintiff demonstrates a failure to conduct a reasonable investigation as required by the Fair Credit Reporting Act (FCRA). (Exhibit G)

18. As a direct result of Defendants' failures to investigate, correct, or remove the fraudulent account, Plaintiff has suffered significant harm. Plaintiff's credit score has been unfairly damaged, leading to denied financial opportunities and higher interest rates. Additionally, the unresolved fraudulent account has caused Plaintiff persistent anxiety, stress, and frustration, resulting in sleepless nights, emotional exhaustion, and difficulty concentrating at work. The situation has negatively impacted Plaintiff's financial confidence and caused ongoing mental anguish.

## COUNT I: VIOLATION OF 15 U.S.C. § 1681s-2(b) (CAPITAL ONE, N.A.)

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

20. Defendant Capital One, N.A. is a furnisher of credit information as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).

21. Upon receiving notice of Plaintiff's dispute regarding the fraudulent account, Defendant Capital One, N.A. had a statutory obligation to:

   a) Conduct a reasonable investigation into the accuracy of the disputed information.
   b) Review all relevant information provided by Plaintiff and consumer reporting agencies.
   c) Report the results of the investigation to the consumer reporting agencies and modify, delete, or block the reporting of information that could not be verified.

22. Plaintiff provided Defendant Capital One, N.A. with clear evidence that the account was fraudulent, including:

   a) FTC Identity Theft Report dated October 24, 2024 (Exhibit B).

   b) Plaintiff's supporting documents submitted through Capital One's secure portal (Exhibit A).

   c) Plaintiff's formal CFPB Complaint filed on October 29, 2024 (Exhibit E, and Exhibit G).

23. Despite receiving this evidence, Defendant Capital One, N.A. failed to:

   a) Conduct a reasonable investigation into the dispute.

   b) Correct or delete the fraudulent account from Plaintiff's credit file.

   c) Report the account as "disputed" to consumer reporting agencies.

   d) Cease furnishing inaccurate information to consumer reporting agencies.

24. Defendant Capital One, N.A.'s actions constitute willful noncompliance with the FCRA under 15 U.S.C. § 1681s-2(b)(1), as they knowingly verified and continued reporting inaccurate information despite clear evidence of fraud.

25. Defendant Capital One, N.A. violated its obligations under 15 U.S.C. § 1681s-2(b) by:

   a) Failing to conduct a reasonable investigation of Plaintiff's dispute.

   b) Continuing to report inaccurate information to credit reporting agencies despite clear evidence of identity theft.

    c) Failing to promptly mark the account as disputed with credit reporting agencies.

    d) Ignoring or refusing to provide requested evidence to Plaintiff or the CFPB.

26. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered-

    a) Harm to Plaintiff's creditworthiness and credit score.

    b) Emotional distress, frustration, and anxiety; and financial harm, including difficulty obtaining credit.

27. Defendant Capital One, N.A.'s actions were willful, entitling Plaintiff to actual damages, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant's actions were negligent, entitling Plaintiff to actual damages pursuant to 15 U.S.C. § 1681o.

## COUNT II: VIOLATION OF 15 U.S.C. § 1681i(a) (EQUIFAX, TRANS UNION, AND EXPERIAN)

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Defendants Experian, Equifax, and Trans Union are consumer reporting agencies as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(f).

30. Under 15 U.S.C. § 1681i(a), Defendants are required to conduct a reasonable reinvestigation of disputed information after receiving notice of a dispute from a consumer.

31. Plaintiff provided Defendants with sufficient notice and evidence that the disputed Capital One account was fraudulent, including:

    a) Plaintiff's FTC Identity Theft Report submitted on October 24, 2024 (Exhibit B).
    b) The Capital One Email acknowledging receipt of supporting documents (Exhibit A).
    c) Plaintiff's formal CFPB Complaint filed on October 29, 2024 (Exhibit E).

32. Despite receiving clear evidence of fraud, Defendants Experian, Equifax, and Trans Union failed to:

    a) Conduct an independent and reasonable reinvestigation of the disputed account.

    b) Review and consider the evidence provided by Plaintiff.

    c) Cease reporting inaccurate information about the fraudulent account.

    d) Mark the account as "disputed" as required under the FCRA.

33. Trans Union continued to report false payment history and failed to note the account was in dispute despite receiving multiple disputes (Exhibit C and Exhibit F).

34. Defendants' failure to conduct a reasonable reinvestigation constitutes a violation of 15 U.S.C. § 1681i(a).

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

    a) Damage to Plaintiff's credit score and creditworthiness.

    b) Emotional distress, frustration, and anxiety; and financial harm, including loss of credit opportunities.

36. Defendants' actions were willful, entitling Plaintiff to actual damages, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n.

Alternatively, Defendants' actions were negligent, entitling Plaintiff to actual damages pursuant to 15 U.S.C. § 1681o.

## **COUNT III: VIOLATION OF 15 U.S.C. § 1681e(b) (EQUIFAX, TRANS UNION, AND EXPERIAN)**

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. Under 15 U.S.C. § 1681e(b), Defendants Experian, Equifax, and Trans Union are required to follow reasonable procedures to ensure the maximum possible accuracy of the information they report.

39. Plaintiff disputed the fraudulent Capital One account and provided Defendants with sufficient evidence, including:

   a) Plaintiff's FTC Identity Theft Report (Exhibit B).

   b) Capital One's request for supporting documents (Exhibit A).

   c) Trans Union and Equifax's dispute responses, which verified inaccurate information (Exhibits C and D).

40. Despite receiving clear evidence that the account was fraudulent, Defendants failed to:

   a) Ensure the accuracy of Plaintiff's credit reports.

   b) Remove the fraudulent account from Plaintiff's reports

   c) Correct false payment history that negatively impacted Plaintiff's credit score.

41. Defendants' failures under § 1681e(b) resulted in false and misleading credit reports being published to third parties, including lenders and creditors, thereby damaging Plaintiff's creditworthiness. As a direct and proximate result of Defendants' failure to follow reasonable procedures, Plaintiff has suffered:

   a) Harm to Plaintiff's credit score and ability to obtain credit.

   b) Emotional distress, frustration, and embarrassment.

   c) financial harm due to increased interest rates and credit denials.

42. Defendants' conduct was willful, entitling Plaintiff to actual damages, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants' actions were negligent, entitling Plaintiff to actual damages pursuant to 15 U.S.C. § 1681o.

## **EXHIBITS**

a) Exhibit A: Capital One Email (10/24/2024).

b) Exhibit B: FTC Identity Theft Report.

c) Exhibit C: Trans Union Dispute Results.

d) Exhibit D: Equifax Dispute Results.

e) Exhibit E: CFPB Complaint Submission.

f) Exhibit F: Trans Union's Follow-Up Results.

g) Exhibit G: Capital One's Response to CFPB.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Declare that Defendants violated the Fair Credit Reporting Act, including:

   a) 15 U.S.C. § 1681s-2(b) (Capital One).

   b) 15 U.S.C. § 1681i(a) (Experian, Equifax, and Trans Union); and

   c) 15 U.S.C. § 1681e(b) (Experian, Equifax, and Trans Union).

2. Order Defendants to delete the fraudulent tradeline and cease reporting the account.

3. Award Plaintiff actual damages, statutory damages of $1,000 per violation, and punitive damages for willful noncompliance.

4. Award Plaintiff actual damages for harm to Plaintiff's credit score, financial opportunities, and emotional distress, including anxiety, mental anguish, and loss of productivity, caused by Defendants' willful and negligent noncompliance with the FCRA.

5. Declare that Plaintiff is not responsible for the fraudulent account balance (debt waiver).

6. Award Plaintiff reasonable attorney's fees and costs under 15 U.S.C. §§ 1681n and 1681o.

7. Grant any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

dated January 3, 2025.

**Respectfully submitted,**

---

**TORY D CARNEGIE**

**(239)-391-4643**

**Torycarnegie@mail.com**

**2503 Parker Ave**

**Fort Myers, FL 33905**
