UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TORY D. CARNEGIE,

    Plaintiff,

v.

CAPITAL ONE, N.A., EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants,

Case No. 2:25-CV-00012-SPC-KCD

## REPORT & RECOMMENDATION

Plaintiff Tory D. Carnegie sues Defendants Capital One, N.A., Equifax Information Services, LLC, TransUnion, LLC, and Experian Information Solutions, Inc. under the Fair Credit Reporting Act. (Doc. 1.)[1]

Shortly after Carnegie filed suit, the Court entered a scheduling order that, among other things, directed him to serve Defendants with copies of "all documents in [his] possession, custody, or control that relate to the credit/consumer report(s) at issue[.]" (Doc. 23 at 2.) He was to do this by April 5, 2025. (*Id.*) According to Defendant Capital One, Carnegie never did. (*See* Doc. 32.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

To resolve the dispute, the Court directed Carnegie to show cause for his failure to comply with the scheduling order by April 24, 2025. (Doc. 33.) Carnegie did not respond. To be safe, the Court offered him another chance, extending the deadline to May 2, 2025. (Doc. 35.) The Court warned Carnegie that it would recommend his case be dismissed if he did not respond. (*Id.*) Again, Carnegie did nothing.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Carnegie has not diligently prosecuted this case. He has ignored two orders and refused to demonstrate compliance with the Court's scheduling order. These actions show a lack of interest. Thus, the Court should dismiss this matter without prejudice.

**Recommended** in Fort Myers, Florida on May 7, 2025.

Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.